# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY A. TYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-648-NJR |
| ) | |
| JOHN BALDWIN, and ) | |
| J.B. PRITZGER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Anthony A. Tyson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory judgment and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

The Complaint makes the following allegations: Plaintiff was convicted in state court of an unspecified crime. His sentence is subject to 730 ILCS §5/3-6-3, pertaining to calculation of

1

sentence credit. On sentences imposed for most crimes, a prisoner will receive a day of sentence credit for each day served – that is, he will serve 50 percent of his sentence. 730 ILCS §5/3-6-3(a)(2.1). Similarly, a prisoner can earn sentence credit for things like educational programs, participating in substance abuse programming, or for good conduct. *Id*. at §§3-6-3(a)(3) and (4). The statute provides, however, that prisoners sentenced for certain types of crimes or serving certain types of sentences are ineligible for such credit or are subject to limits on how much sentence credit they can receive for time served. *Id*. at §3-6-3(a)(2). Prisoners, like Plaintiff, who are sentenced to serve at least 85 percent of their sentence are ineligible for credits which would take them below that threshold. *Id*. at §4.7(i).

Plaintiff alleges that he was sentenced under a statute that requires him to serve 85 percent of his sentence, thus under §3-6-3(a)(4.7)(i). he cannot earn sentence credits that would bring his sentence below 85 percent. Plaintiff has been awarded additional credits for completing educational programming (approximately 134 days according to his Complaint) but cannot count that credit towards his current sentence because those credits would reduce his sentence below 85 percent. (Doc. 1, pp. 7-8). Instead, the credits are placed in his master file in the event that the law changes and Plaintiff could apply those credits to his sentence. (*Id*. at pp. 7, 13-16). Plaintiff challenges the constitutionality of the portion of the statute that limits his ability to earn sentence credit. He argues that the statute violates his equal protection rights because those prisoners who received sentences requiring them to serve only 75 or 50 percent of their sentence may earn more credit towards their sentence than Plaintiff. (*Id*. at pp. 10-12). Plaintiff seeks a declaration that 730 ILCS §5/3-6-3(a)(4.7) is unconstitutional and seeks the ability to apply additional credit to his sentence.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into a single count:

**Count 1:** Fourteenth Amendment claim that the statutory limitation on sentence credits for those prisoners required to serve 85 percent of their sentence is unconstitutional and violates Plaintiff's equal protection rights.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

In general, "state prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices," must seek relief via a habeas corpus petition, "because they contest the fact or duration of custody." *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997)). "State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must…employ [Section] 1983 or another statute authorizing damages or injunctions." *Id*. (citations omitted).

Although Plaintiff has titled his Complaint as one under Section 1983, as opposed to a habeas petition, Plaintiff seeks a declaration that he can obtain additional credit and serve a sentence below 85 percent (he recommends that he be required to serve only 70 percent of his

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

sentence). (Doc. 1, p. 12). He challenges the validity of an Illinois statute, which governs his eligibility for these additional sentence credits, and asks that the credits he has received be applied to his sentence. (*Id*. at p. 8). The claim is very clearly an attack on the duration of his sentence and therefore sounds in habeas. *See Ward v. Akpore*, 702 F .App'x 467, 468 (7th Cir. 2017) (Section 1983 complaint filed by an inmate seeking restoration of good time credit that was denied because it would bring his sentence below the mandatory 85 percent was properly dismissed as relief sought was available only in habeas corpus not Section 1983.). As such, Plaintiff's claim is **DISMISSED without prejudice** as improperly brought under Section 1983.

To the extent Plaintiff seeks to allege a claim under Section 1983 he has failed to do so, but the Court will allow him an opportunity to amend his Complaint to allege a non-habeas claim, if he wishes to proceed further with this action. When preparing a Frist Amended Complaint, Plaintiff should set forth sufficient allegations against each defendant identified in the caption to describe what the defendant did, or failed to do, to violate his constitutional rights.

## Disposition

For the reasons set forth above, the Complaint is **DISMISSED without prejudice** for failure to state a claim.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 2, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 8/28/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**