# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY A. TYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-648-NJR |
| ) | |
| JOHN BALDWIN and J.B. PRITZGER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Anthony A. Tyson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint was dismissed without prejudice as he challenged the duration of his sentence and, therefore, should have brought the claim as a habeas petition (Doc. 6). Plaintiff was granted leave to amend his complaint. Plaintiff's Amended Complaint again challenges 730 ILCS § 5/3-6-3 and his ability to earn good time credits. Plaintiff seeks declaratory judgment and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint: Plaintiff again challenges 730 ILCS §5/3-6-3, pertaining to the calculation of his sentence credit. The statute allows some inmates to receive good time credit, but inmates like Plaintiff, who must serve 100% or 85% of their time, are not eligible for these credits (Doc. 9, pp. 8-9). Plaintiff argues that this violates his Fourteenth Amendment equal protection rights because not all inmates are treated the same. Because Plaintiff is required to serve 85% of his sentence, he cannot earn sentence credits that would bring his sentence below 85 percent. Instead, Plaintiff's credits are placed in his file for future purposes (*Id.* at p. 10). Plaintiff seeks a declaration that 730 ILCS § 5/3-6-3 is unconstitutional, and he seeks a new system that allows him to receive additional credits towards his sentence.

**Discussion**

Plaintiff's Amended Complaint again fails to state a claim. His Amended Complaint does not differ factually from his original Complaint. Plaintiff instead argues that he can bring his lawsuit as a Section 1983 claim rather than a habeas petition. But to the extent that Plaintiff seeks to apply additional good time credits that he has earned, that claim would sound in habeas (*See* Doc. 6, p. 4). Further, to the extent Plaintiff argues that the statute violates his equal protection rights, the claim also fails. Because Plaintiff has not pointed to a fundamental right or suspect class that is at issue in this case, the difference in sentencing treatment need only be supported by a rational basis. *Armour v. City of Indianapolis*, 566 U.S. 673, 679 (2012). Statutory classifications are presumptively valid "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 313-14 (1993).

The statue at issue in this case, 730 ILCS § 5/3-6-3, limits sentence credit to 4.5 days each month for a number of crimes including: murder, home invasion, armed violence, aggravated criminal sexual assault, and aggravated discharge of a firearm. There is a rational basis for treating these crimes differently than other crimes that are eligible for 50% sentence credit because these crimes could be considered more violent, dangerous, or serious than other crimes. *See Fett v. Baldwin*, Case No. 18-Cv-3306, 2019 WL 1440249, at *2 (C.D. Ill. April 1, 2019) (citing *Olmsted v. Doyle*, Case No. 09 C 880, 2009 WL 4799573 (E.D. Wis. 2009) (statutory amendments that prevented some inmates from earning good time and not others did not state equal protection claim); *De Oca v. Perryman*, Case No. 96 C 5657, 1996 WL 634202 (N.D. Ill. 1996) ("Different crimes raise different policy concerns, and it is not a judicial function to second-guess the classifications between crimes"); *Brewer v. Peters*, 262 Ill.App.3d 610, 613 (5th Distr. 1994) (restriction on eligibility for good time for inmates convicted of certain offenses was rationally related to reducing prison overcrowding while reducing the risk of releasing dangerous offender)). There is, thus, a rational basis for treating the sentence of different types of crimes differently. "Even individuals who commit identical crimes may be charged differently and punished differently." *Fett*, 2019 WL 1440249, at *2 (citing *U.S. v. Moore*, 543 F.3d 891 (7th Cir. 2008) (no equal protection claim where criminal defendants were identical in every respect but one was prosecuted in state court and one in federal court)). Accordingly, Plaintiff fails to state a claim for violation of his equal protection rights.

Because this is Plaintiff's second attempt to allege a constitutional violation and he has again failed to do so, the Court now **DISMISSES** his Amended Complaint **with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

**Disposition**

For the reasons stated above, Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted**.** This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 1/29/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**